UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IN RE:

JAN RASMUSSEN and                                    CASE NO.: 09-72069-ast
CHERYL RASMUSSEN,                                    CHAPTER 7

                                Debtors.
-------------------------------------------------------X

## MEMORANDUM OPINION AND ORDER DENYING
## OBJECTION TO EXEMPTION CLAIM

### Issues Before the Court

Pending before the Court is the Motion filed by the Chapter 7 Trustee ("Trustee")

objecting to the homestead exemption ("Objection") claimed by Debtors Jan Rasmussen and

Cheryl Rasmussen ("Debtors").

For the reasons herein, this Court finds the Debtors' claim of exemption is proper, and

the Trustee's Objection should be denied.

### Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§

157(b)(2)(A), (B), (F) and (H), and 1334(b), and the Standing Order of Reference in effect in the

Eastern District of New York.

### Procedural History

On March 27, 2009, Debtors filed a voluntary petition under chapter 7 of the Bankruptcy

Code ("Petition"). [dkt item 1]  On February 8, 2010, the Trustee filed the Objection [dkt item

18] and a Memorandum of Law in Support of the Motion ("Memorandum in Support"). [dkt

item 20]  On March 4, 2010, Debtors filed a Memorandum of Law in Opposition to the Trustee's

Objection ("Opposition") [dkt item 25] and Affidavits in support of their exemption claim. [dkt item 26]  The Trustee filed a Response to the Opposition ("Trustee's Response") on March 8, 2010. [dkt item 27]

On March 10, 2010, the Court held a hearing on the Objection, Opposition, and Trustee's Response ("Hearing").  At the Hearing, the parties agreed that the material facts were not in controversy, and that this matter may be determined by the Court solely on their written submissions.  Accordingly, on March 15, 2010, the Court issued a Pre-Hearing Contested Matter Scheduling Order, which established the deadline for the parties to file and serve any supplemental pleadings, memoranda of law, and/or affidavits on or before April 5, 2010. [dkt item 30]  No additional documents were filed by the deadline.

### Uncontroverted Facts

The following material facts are not controverted.

On March 27, 2009, Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, and the case was designated as a no-asset case.  Kenneth P. Silverman, Esq. was duly appointed as the Chapter 7 Trustee (the "Trustee").

On Schedule A filed with the Petition, Debtors listed a joint remainder interest (the "Remainder Interest") in the life estate of Jeanette Rasmussen (the "Life Estate") on property located at 56 Horn Lane, Levittown, New York (the "Property").  Jeanette Rasmussen ("Jeanette") is the mother of Debtor Jan Rasmussen.  The Property is not encumbered by liens or judgments.  Debtors currently reside at the Property with their four children and Jeanette. Debtors' Schedules reflect an oral agreement to pay $600.00 per month to Jeanette for rent. [dkt item 1, Sch. J]

In their Schedule F filed with the Petition, Debtors list a total of $31,716.90 in unsecured debt. [dkt item 1]  On May 27, 2009, the Trustee filed a letter indicating the appearance of assets for this case. [dkt item 11]  On May 28, 2009, the Court issued a Notice of Discovery of Assets and set a claims bar date of August 26, 2009. [dkt item 12]  As of November 2, 2009, according to the Debtors' claims register, a total of $27,419.13 in claims have been filed against the Debtors' estate.

On Schedule C filed with the Petition, Debtors claimed the Property as exempt pursuant to Section 5206(a) of the New York Civil Practice Law and Rules ("NYCPLR"), and listed the value of the property without deducting the exemptions as "Unknown."  On Schedule C Debtors listed the value of the Remainder Interest in the Property as "Unknown."  The actual value of the Property is not stated in the Schedules and is not an issue before this Court.

## The Trustee's Objection

The Trustee objects to the Debtors claiming an exemption in their Remainder Interest, asserting that a remainder interest does not qualify as an ownership interest in property pursuant to NYCPLR Section 5206(a), Section 522(d) of the Bankruptcy Code, and Section 282 of New York Debtor Creditor Law ("NYDCL").  Specifically, the Trustee argues that Debtors' Remainder Interest does not confer a present right to possession, control, and enjoyment of the Property and, therefore, they do not meet the ownership requirements of NYCPLR Section 5206(a).  The Trustee argues Debtors do not effectively "own" the Property and, therefore, they cannot claim any homestead exemptions.

Debtors respond that New York's exemption laws are not limited to fee simple absolute ownership, and that the Trustee has not met his burden of proof to warrant a denial of their

exemption claim.

The issue before this Court is one of first impression in the Second Circuit: Whether, under New York law, the holders of a remainder interest in real property in which they reside pursuant to a lease agreement may claim a homestead exemption in that property, when their right of possession of that property is subject to the rights of a life tenant.

### Analysis

Section 522(b) of the Bankruptcy Code provides that a debtor may claim exemptions in property of the estate, subject to the law of the jurisdiction in which the case is filed.  11 U.S.C. § 522(b).  NYDCL Section 284 presently does not allow for debtors domiciled in New York to claim the federal exemptions.  N.Y. DEBT. & CRED. LAW § 284 (McKinney 2001).  Therefore, New York law governs the exemptions claimed in this case.

The New York State exemptions are found in NYDCL[1] Section 282 and NYCPLR Section 5206. N.Y. DEBT. & CRED. LAW § 282 (McKinney 2001); N.Y.C.P.L.R. § 5206 (McKinney 2005).  NYCPLR Section 5206(a) provides that real property "not exceeding fifty thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof[.]" N.Y.C.P.L.R. § 5206 (a).  Thus, Debtors must show both a real property ownership interest and residency in the Property as a principal residence to qualify for the exemption. *See In re Martinez*, 392 B.R. 530, 531 (Bankr. E.D.N.Y. 2008)

---

[1] Section 282 provides that "an individual debtor domiciled in this state may exempt from the property of the estate . . . real property exempt from application to the satisfaction of money judgments under" §§ 5205 and 5206 of the NYCPLR. N.Y. DEBT. & CRED. LAW § 282 (McKinney 2001).

"When determining the allowance of an exemption, a court must consider the circumstances as they existed on the petition date." *In re Moulterie*,  398 B.R. 501, 505 (Bankr. E.D.N.Y. 2008); *In re Scott*, 233 B.R. 32, 40 (Bankr. N.D.N.Y. 1998).  Moreover, NYCPLR Section 5206(a) requires a consistent, actual physical occupancy, combined with the debtor's "intent to reside [at the principal residence] permanently." *Id*.

The Trustee bears the burden of proving Debtors improperly claimed an exemption in the Remainder Interest.  *See* FED. R. BANKR. P. 4003(c); *see also In re Martinez*, 392 B.R. at 531. Here, it is uncontroverted that Debtors occupy the Property with their children as their primary residence, that they did so on the Petition date, and that they pay rent to Jeanette, Jan's mother, who also resides there.  The Trustee does not controvert the Debtors' claim that the Property is and has been their principal residence.

*Whether a Remainder Interest Represents a Real Property Ownership Interest*

The issue before the Court, then, is whether the Debtors' Remainder Interest qualifies as a real property ownership interest.  This issue has not been resolved by the New York courts, nor by the federal courts within the Second Circuit.  New York case law does not address whether holders of either a life estate or a remainder interest can claim a homestead exemption under NYCPLR Section 5206.  Moreover, the term "ownership" is not defined under New York statutes. *See In re Martinez*, 392 B.R. at 532 (acknowledging the lack of a clear definition of "ownership" in New York Estates, Powers and Trusts Law ("NYEPTL") and New York's Real Property Law ("NYRPL")).

The New York homestead exemption statute neither distinguishes between possible types

of ownership interests, nor provides that a fee simple interest is exempt, but that a lesser form of real property ownership, such as a remainder interest, is not exempt.  Furthermore, nothing in the statute explicitly precludes the exemption claimed here by the Debtors.  The Court is mindful that "exemption laws, though in derogation of the common law, are to be liberally construed in favor of the beneficiary in order to carry out their apparent beneficent purpose." *In re Grucza*, 413 B.R. 96, 96 n.2 (Bankr. W.D.N.Y. 2009)(quoting N.Y. STAT. § 291 (McKinney 2010)); *c.f. In re Ellerstein*, 105 B.R. 214, 216 (Bankr.W.D.N.Y.1989) (finding the New York homestead exemption statute protects homeowners from seizure of their homes "and to protect a debtor's home in the event of bankruptcy."); *In re Warren*, 38 BR 290, 294 (Bankr. N.D.N.Y. 1984) ("[T]he New York homestead exemption extends to protect real property owned by the Debtor and occupied as a principal residence by the Debtor or members of the Debtor's immediate family.").

The Trustee argues that the Remainder Interest does not confer a right to possession and, therefore, entails no ownership interest.  However, New York Estate Powers and Trust Law ("NYEPTL") classifies "estates in property, as to the time of their enjoyment[,]" which can be a present right to possession or a future estate. N.Y. EST. POWERS & TRUSTS § 6-3.1 (McKinney 2002).  An "estate in possession" entitles the owner to the immediate possession of the property. *Id.* § 6-4.1.  In contrast, a future estate provides for possession which commences at a future date after the precedent (present) estate terminates. *Id.* § 6-4.2.  Here, the Debtors' Remainder Interest qualifies as a future estate because their right to exclusive possession will not commence until the termination of Jeanette's life estate.

In addition, under New York law "[f]uture estates are descendible, devisable and alienable, in the same manner as estates in possession." N.Y. EST. POWERS & TRUSTS § 6-5.1 (McKinney 2002); *see also Baltes v. Union Trust Co. of N.Y.*, 180 N.Y. 187, 72 N.E. 1005, 1006 (N.Y. 1904) (holding remainders to be "the same as any other property interest"). Thus, the holder of a remainder interest does own an estate in real property, which estate provides a right to possession, albeit a future right.

As a life tenant, Jeanette is entitled to possession, control, and enjoyment of the Property to the exclusion of others for the duration of her life. *See Novakovic v. Novakovic*, 890 N.Y.S.2d 758, 758-59 (N.Y. App. Term 2009) (citing *Torre v. Giorgio*, 51 A.D.3d 1010, 1011 (N.Y. App. Div. 2d Dept. 2008)). Thus, the Debtors, as remaindermen, are not entitled to the physical possession of the Property during Jeanette's life, unless they are able to reside there with her permission. *See id.* at 759.

The Trustee relies upon *Voght v. Voght*, and argues that because the Debtors' Remainder Interest does not entitle them to the present right to physical ownership or possession, they are not entitled to exempt their interest as a homestead. *See Voght v. Voght*, 64 A.D.3d 984, 882 N.Y.S.2d 551,553 (N.Y. App. Div. 3d Dept. 2009) (holding that a future estate gives "no present right of enjoyment or possession and would ripen into ownership of the property only upon the termination of [the] life estate"(internal citations omitted)). Moreover, the Trustee asserts that the fact the Debtors pay rent to Jeanette supports his argument that they are mere renters, and as such, cannot be owners. However, the Court does not find this argument persuasive.

The payment of rent by Debtors provides them with a right to current possession, as

renters, which status should continue until their future estate matures into current possession. NYCPLR Section 5206(a) does not require exclusive ownership or exclusive possession of the property at issue in order to create an exemptible interest at the time the exemption claim is asserted. Thus, although the nature of the ownership interest and the nature of the possessory interest may be factors in valuing the exempt interest, neither exclusive possession nor exclusive ownership are, on the face of NYCPLR Section 5206(a), required to establish an exemptible interest.

*Other Jurisdictions*

As noted, the issue here is one of first impression in the Second Circuit, and there is limited case law in New York. Therefore, this Court has also examined cases from other jurisdictions with property homestead exemption statutes similar to New York's. *See, e.g.*, OHIO REV. CODE ANN. § 2329.66 (A)(1)(b)(requiring an interest in property and that the property is used as a residence);[2] N.C. GEN. STAT. ANN. § 1C-1601(a)(1)(requiring an interest in property and that the debtor use the property as a residence).[3] In cases with facts similar to those here, the

---

[2] **2329.66 Property that person domiciled in this state may hold exempt**

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
. . .
(b) In the case of all other judgments and orders, the person's interest, not to exceed twenty thousand two hundred dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.
OHIO REV. CODE ANN. § 2329.66 (A)(1)(b)(West 2010).

[3] **§ 1C-1601. What property exempt; waiver; exceptions**

(a) Exempt property. -- Each individual, resident of this State, who is a debtor is entitled to retain free of the enforcement of the claims of creditors:

(1) The debtor's aggregate interest, not to exceed thirty-five thousand dollars ($35,000) in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a

Memorandum Opinion  - p. 8

courts in those jurisdictions have found the remainder interest to be exempt. *See, e.g.*, *In re Williams*, 427 B.R. 541, 548 (Bankr. M.D. Fla. 2010)(finding the debtor's ties to his home, occupancy of the home with his mother, and evidence indicating intent to permanently reside provided sufficient "present right of possession" to qualify debtor's ownership interest for the Florida homestead exemption[4]); *In re Kimble*, 344 B.R. 546 (Bankr. S.D. Ohio 2006)(allowing homestead exemption for debtors with remainder interest in property subject to mother's life estate where debtors also resided under a verbal lease agreement with mother); *In re Cain*, 235 B.R. 812 (Bankr. M.D.N.C. 1998)(holding, under prior version of North Carolina's exemption statute, that a remainderman debtor who resided on the property could claim it as a homestead). Courts that allow the future interest owner to claim the homestead exemption consider the current possession by the remainderman as the key factor. *See, e.g.*, *In re Eskew*, 233 B.R. 708,

---

dependent of the debtor; however, an unmarried debtor who is 65 years of age or older is entitled to retain an aggregate interest in the property not to exceed sixty thousand dollars ($60,000) in value so long as the property was previously owned by the debtor as a tenant by the entireties or as a joint tenant with rights of survivorship and the former co-owner of the property is deceased.

N.C. GEN. STAT. ANN. § 1C-1601(a)(1)(West 2010).

[4] **§ 4. Homestead; exemptions**
(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:

(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family[.]

FL. CONST. art. X, § 4(a)(1).

710-711 (Bankr. W.D. Tex. 1998)(recognizing Texas law[5] allows a remainderman with a present right to possession sufficient to impress the property with his homestead interest, and that once vested with fee simple ownership, the homestead protection will date back to the time he began occupying the property as his homestead." (quoting *Laster v. First Hunstville Props. Co.*, 826 S.W.2d 125, 130 n.8 (Tex. 1991)).

<u>**Conclusion**</u>

Thus, this Court has determined that Debtors may exempt their Remainder Interest. The Trustee's Objection should be overruled.

Accordingly, it is hereby

ORDERED, that the Trustee's Objection is overruled.

---

[5] The Texas Constitution provides for "[t]he homestead of a family, or of a single adult person" to be "protected from forced sale, for the payment of all debts . . .[.]" TEX. CONST. art. XVI, § 50(a). The definitions of the land comprising a homestead are found in the Texas Constitution and the Property Code. TEX. CONST. art. XVI, § 51; TEX. PROP. CODE § 41.002.



**Dated: July 20, 2010**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**